IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA M. BENSON, | ) |
|       Plaintiff, | ) |
|   vs. | ) Civil Action No. 21-1345 |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security*, | ) |
|       Defendant. | ) |

ORDER

AND NOW, this 2nd day of December 2022, the Court has considered the parties' motions for summary judgment and will order judgment in Defendant's favor. The Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence and will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[1]

---

[1] Plaintiff has argued that the ALJ's decision cannot be found to be supported by substantial evidence because the ALJ rejected medical opinion evidence without acknowledging the rejection or offering a reason for it. For the reasons explained herein, the Court will affirm the underlying decision—which is the agency's final decision in this matter pursuant to 20 C.F.R. § 404.981.

    The ALJ's decision is reviewed to ensure his or her findings are supported by "substantial evidence." *Biestek*, 139 S. Ct. at 1152 (quoting 42 U.S.C. § 405(g)). Pursuant to this standard, the Court "looks to [the] existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations," *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). An ALJ assesses disability using a five-step evaluation whereby he or she asks: "whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009) (citations omitted); 20 C.F.R. § 404.1520(a)(4)(i)—(v).

1

---

The ALJ's findings at steps four and five must be preceded by a finding of the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1545(a)(5), which "is the most [he or she] can still do despite [his or her] limitations" arising from medically determinable impairments (severe and non-severe). *Id.* § 404.1545(a)(1)—(2). The finding is "based on all the relevant evidence in [a claimant's] case record." *Id.* § 404.1545(a)(1). That does not mean an ALJ is expected to address "every relevant treatment note" in the RFC analysis, but the ALJ's finding "should be as comprehensive and analytical as feasible" so that it is amenable to review. *Fargnoli v. Massanari*, 247 F.3d 34, 41—42 (3d Cir. 2001) (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). And when an ALJ considers medical opinion or prior administrative medical findings evidence for applications filed on or after March 27, 2017, 20 C.F.R. § 404.1520c guides the ALJ's evaluation of such evidence.

In this matter, Plaintiff has argued that the ALJ's RFC finding cannot be found to be supported by substantial evidence because the ALJ rejected medical opinion evidence without explaining why. The prior administrative medical findings evidence at the center of Plaintiff's argument was prepared by State agency mental consultant, Dr. Tiffany Lynn Leonard, Psy.D. (R. 22, 94—99). Among other things, Dr. Leonard found that Plaintiff was moderately limited in her ability to "perform activities within a schedule, maintain regular attendance . . . be punctual within customary tolerances," "complete a normal workday and workweek without interruptions from psychologically based symptoms and . . . perform at a consistent pace without an unreasonable number and length of rest periods." (R. 95—96). Assessing these and other findings made by Dr. Leonard, the ALJ determined that Dr. Leonard's mental RFC assessment was "persuasive"—at least more so than the findings/opinions offered by another State agency mental consultant. (R. 22). Plaintiff has argued that the ALJ erred because even though she found the entirety of Dr. Leonard's assessment to be persuasive, there are no limitations in the RFC that correspond with the above-mentioned moderate limitations in attendance, punctuality, completing a normal workday/workweek without interruptions, and maintaining pace without unreasonable rest periods. Thus, Plaintiff argues, the ALJ implicitly rejected those findings without explanation.

The Court disagrees. ALJs bear sole responsibility for formulating a claimant's RFC. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). In doing so, they must consider medical opinion and prior administrative medical findings evidence using the factors at 20 C.F.R. § 404.1520c(c)(1)—(5), and they must address the two most important factors—supportability and consistency—in the decision. *Id.* § 404.1520c(b)(2). But even if an ALJ finds an opinion to be persuasive or very persuasive, the ALJ is "not required to adopt all of [the medical source's] opinion solely because [he/she] found the opinion as a whole persuasive." *Wilkinson v. Comm'r Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014). Nor must an ALJ choose to either include persuasive opinions/findings in a claimant's RFC "verbatim" or "explicitly reject any part of a persuasive . . . opinion that does not make it into the RFC." *Mathews v. Kijakazi*, No. CV 21-1140, 2022 WL 4535087, at *1 n.2 (W.D. Pa. Sept. 28, 2022); *Alley v. Kijakazi*, No. CV 21-1161, 2022 WL 14005134, at *1 n.2 (W.D. Pa. Oct. 24, 2022) ("The expectation of the ALJ is not that she should separate each of these discrete subordinate

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED as specified above.

s/ Alan N. Bloch  
United States District Judge

---

opinions in evidence and either defend their rejection or specifically identify where they fit into the RFC determination."). *But see Vitari v. Kijakazi*, No. CV 2:20-267, 2021 WL 3634690 (W.D. Pa. Aug. 17, 2021); *Bebout v. Berryhill*, No. CV-17-667, 2018 WL 3361140, at *4 (W.D. Pa. July 10, 2018) (faulting the ALJ for finding medical opinion evidence merited "significant weight" pursuant to the previously applicable regulations for evaluating medical opinion evidence where the ALJ did not account for some of the limitations opined therein in the claimant's RFC, nor explained the absence thereof). What is required is that which the substantial evidence standard demands: "that the ALJ thoroughly reviewed the evidence such that the Court has no reason to think the RFC does not reflect all of Plaintiff's impairments." *Alley*, 2022 WL 2048087, at *1 n.2.

In this matter the ALJ's thorough consideration of the evidence passes muster as it is clear the ALJ thoroughly reviewed the evidence of record for her determination of the appropriate RFC. Based on Plaintiff's complaints, objective medical records, and the medical opinion/prior administrative medical findings evidence, the ALJ formulated an RFC wherein she limited Plaintiff's exposure to hazards and tasks that would take more than one month to learn, eliminated work that would require "fast-paced production," limited Plaintiff to "no more than occasional changes in work routine or work setting," and set parameters for Plaintiff's interactions with the public/co-workers/supervisors. (R. 17). Other than Dr. Leonard's moderate-limitations findings, Plaintiff has not suggested that the ALJ failed to account for any evidence in her record which would have supported functional limitations with respect to absences, punctuality, or off-task time. Dr. Leonard's findings with respect to Plaintiff's absences, punctuality, and off-task time do not "obviously support a specific functional limitation that the ALJ failed to include in the RFC." *Brown v. Kijakazi*, No. CV 21-89-E, 2022 WL 4338279, at *1 n.2 (W.D. Pa. Sept. 19, 2022). Not only that, but Dr. Leonard elaborated upon those findings and explained that, despite them, Plaintiff could maintain a "schedule" and a "consistent pace," and generally meet the mental demands of sustained work. (R. 98). The ALJ's decision shows that she considered this evidence with the other relevant evidence and supported the RFC finding with evidence that would satisfy a reasonable mind. (R. 17—23). To the extent that Dr. Leonard's findings could have been cited by the ALJ to support a more restrictive RFC, that does not undermine the well-supported decision. *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Accordingly, having found no error or deficiency of evidence in the ALJ's decision that would warrant remand, the Court will order affirmance by granting summary judgment in Defendant's favor.

ecf:    Counsel of Record

...

ecf:    Counsel of Record